```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                                           :
CHEMICAL OVERSEAS HOLDINGS, INC.,                          :
CREDIT SUISSE FIRST BOSTON, and                            :
DRESDNER BANK LATEINAMERIKA AG,                            :
                                                           :
                            Petitioners,                   :
                                                           :        05 Civ. 260 (GEL)
                 -against-                                 :
                                                           :        OPINION AND ORDER
REPUBLICA ORIENTAL DEL URUGUAY,                            :
                                                           :
                            Respondent.                    :
                                                           :
-----------------------------------------------------------x
```

GERARD E. LYNCH, District Judge:

On March 23, 2005, this Court granted petitioners Chemical Overseas Holdings, Inc., Credit Suisse First Boston, and Dresdner Bank Lateinamerika AG's motion to confirm an arbitration award obtained against respondent, the Republica Oriental del Uruguay, and separately directed the entry of judgment in the form submitted by petitioners. Although the Court's Order directing entry of judgment was transmitted to the Judgment and Orders clerk on March 30, 2005, for preparation of the final judgment, no judgment has yet been entered in this case.

Respondent now moves for reconsideration of the Court's Order and Opinion granting petitioners' motion to confirm the arbitration award, and further requests that the Court stay final entry of judgment until it decides respondent's motion for reconsideration. Respondent also seeks an additional sixty days within which to file a supplemental brief and supplemental declarations in support of its motion for reconsideration, citing the difficulty of communication between it and counsel, given a recent and total change in Uruguay's government.

Respondent has properly moved for reconsideration under Local Rule 6.3, and the Court finds it appropriate to stay final entry of judgment until resolution of this motion. The Court, however, declines to permit respondent an additional sixty days within which to file a supplemental brief and declarations. Although the Court is not insensitive to the difficulties occasioned where a sovereign state is party to litigation in a foreign forum, much less a sovereign state in the midst of a regime change, it is not clear why such regime change would warrant reconsideration. Certainly, the development of proper legal arguments is the responsibility of counsel in consultation with his client, and if the client's particular circumstances made it impossible to present proper legal or factual argumentation on the underlying motion, a stay in the briefing schedule on the underlying motion might have been merited. But a motion for reconsideration will only be granted where the movant demonstrates that "the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion." Mina Investment Holdings Ltd. v. Lefkowitz, 184 F.R.D. 245, 250 (S.D.N.Y. 1999). A party may not "advance new facts, issues or arguments not previously presented to the Court." Morse/Diesel, Inc. v. Fidelity & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991). To the extent that counsel seeks to relitigate the underlying motion to permit his client to make new legal or factual arguments, this will not be a proper basis for reconsideration.

Arguments that will support a proper motion for reconsideration are thus entirely within the possession of counsel, which argued the matter in the first instance. Moreover, there is no reason to believe that a new government in Uruguay will have anything to add to the issues before the Court, which are questions of law, not politics or policy. Respondent has made a

motion for reconsideration and presented its bases for the motion; petitioner will oppose the motion in due course; and respondent will file a reply according to the usual time limits set by Local Rule 6.1(b). The Court will then decide the motion in the normal fashion. Respondent's effort to secure further delay is denied.

Accordingly, it is hereby ORDERED:

1. Final entry of judgment as directed by the Court's Order of March 23, 2005, is stayed pending adjudication of respondent's pending motion for reconsideration.

2. Opposition and replies to respondent's pending motion for reconsideration shall be submitted in accordance with the time limits specified in Local Rule 6.1(b).


SO ORDERED:

Dated: New York, New York
April 18, 2005

_____
GERARD E. LYNCH
United States District Judge