UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
CHEMICAL OVERSEAS HOLDINGS, INC., :
CREDIT SUISSE FIRST BOSTON, and :
DRESDNER BANK LATEINAMERIKA AG, :
:
                  Petitioners, :
: 05 Civ. 260 (GEL)
    -against- :
: **OPINION AND ORDER**
REPUBLICA ORIENTAL DEL URUGUAY, :
:
                  Respondent. :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

      On March 25, 2005, this Court granted the motion of petitioners Chemical Overseas Holdings, Inc., Credit Suisse First Boston, and Dresdner Bank Lateinamerika AG to confirm an arbitration award obtained against respondent, the Republica Oriental del Uruguay ("Uruguay"), and separately directed the entry of judgment in the form submitted by petitioners. Chemical Overseas Holdings, Inc. v. Republica Oriental Del Uruguay, No. 05 Civ. 260 (GEL), 2005 WL 736017 (S.D.N.Y. Mar. 25, 2005). On April 20, 2005, the Court denied Uruguay's motion for additional time to brief its motion for reconsideration, and stayed entry of judgment pending resolution of that motion. Chemical Overseas Holdings, Inc. v. Republica Oriental Del Uruguay, No. 05 Civ. 260 (GEL), 2005 WL 927153 (S.D.N.Y. Apr. 20, 2005). The motion has now been fully briefed and is ripe for decision. The motion will be denied.

      Uruguay has not argued, and does not argue now, that there was any error in the arbitrators' decision. Respondent's sole contention has been that confirmation of the arbitral award will create a judgment that conflicts with a judgment of an Uruguayan court, which

provisionally attaches its debt to petitioners in favor of unrelated third-party plaintiffs in an action before that Court. The motion for reconsideration merely reiterates arguments made and rejected in the Court's prior opinions.

In particular, Uruguay repeats its citation of <u>Sea Dragon v. Gebr. Van Weelde Scheepvaartkantoor B.V.</u>, 574 F. Supp. 367 (S.D.N.Y. 1983). The Court did not "overlook" <u>Sea Dragon</u>. The case is distinguishable from the present case for at least two reasons: First, in that case the issue of alleged inconsistency with a foreign judgment had been submitted to the arbitral panel, 574 F. Supp. at 370, while in this case, "Uruguay does not dispute petitioners' claim that it did not raise the Uruguayan attachment order as a defense before the arbitration panel," and thereby waived the issue. 2005 WL 736017 at *1. Second, in that case the foreign court had specifically ordered the respondent " 'to keep the sequestered matters . . . in its possession,' " 574 F. Supp. at 369, making the arbitral award directly contrary to the court's order. Here, as laboriously explained in the Court's prior opinion, "there is no inconsistency between the Uruguayan attachment and the judgment sought by petitioners," because Uruguay has remedies available by which it can "satisfy its obligations under the judgment without violating any other decree." 2005 WL 736017 at *2.

Finally, Uruguay argues that the Court also "overlooked" possible deleterious consequences to it from having a judgment entered against it, which allegedly do not flow from the mere existence of the arbitral award. As petitioners correctly point out (<u>see</u> Letter of Louis B. Kimmelman, Esq., to the Court, dated May 2, 2005, at 2), such consequences are not a basis for refusing to enter judgment confirming an arbitration award whose correctness is not in dispute.

The Court is cognizant of the fact, which for some reason Uruguay's counsel sees fit to print in boldface type, that Uruguay "is a sovereign nation, and not an ordinary commercial litigant." (Mot. for Reconsideration at 2; emphasis deleted.) But Uruguay points to no sovereign immunity issue, or other factor which makes its sovereign status relevant to the issues before the Court. Uruguay chose to submit this dispute to a distinguished panel of international arbitrators, which unanimously (that is, including the party arbitrator appointed by Uruguay itself) ruled against it. Uruguay has not raised any objection to the correctness of the arbitrators' ruling, and has cited no argument that depends upon its status as a sovereign nation. (Indeed, its principal argument is based firmly on the <u>Sea Dragon</u> decision, which involved "ordinary commercial litigant[s].") Sovereign status does not entitle Uruguay to sluggish processing of summary proceedings to enforce an arbitration award, or to indefinite delays to present new arguments on a motion for reconsideration.

The motion for reconsideration is denied. Accordingly, the stay of entry of judgment granted in the Court's Order of April 20, 2005, having expired by its own terms, is vacated.

SO ORDERED:

Dated: New York, New York
May 5, 2005

*[signature]*
GERARD E. LYNCH
United States District Judge